**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLAS M. CULAFIC, individually, and on behalf of all other Illinois citizens similarly situated, | ) ) ) | Case No.: 1:23-cv-02550 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| COILPLUS, INC. and AEROTEK, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

NOW COMES Plaintiff NICOLAS M. CULAFIC ("Plaintiff"), as a proposed class representative, by and through his attorney James C. Vlahakis, and asserts the following claims against Defendants:

**I.   Parties & Summary of Claims**

1.     Plaintiff is a citizen of Illinois and resides in Plainfield, Illinois.

2.     Defendant COILPLUS, INC. ("COILPLUS") is foreign corporation, organized under the laws of the State of Delaware.

3.     COILPLUS operates a facility located in Plainfield, Illinois.

4.     Plaintiff worked at COILPLUS's Plainfield, Illinois location as a contract employee of Defendant AEROTEK, INC. ("AEROTEK").

5.     AEROTEK is a foreign corporation, organized under the laws of the State of Maryland.

6.     Both Defendants use Illinois Corporation Service Company 801 Adlai Stevenson Drive, Springfield, Illinois 62703) as their registered agents.

7.     This civil action involves the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

8.     BIPA was enacted in 2008 for the purpose of addressing a "very serious need for protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Session No. 276.

9.     BIPA's express Legislative Findings provide as follows:

> (c) Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions.
>
> (d) An overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to finances and other personal information.
>
> (e) Despite limited State law regulating the collection, use, safeguarding, and storage of biometrics, many members of the public are deterred from partaking in biometric identifier-facilitated transactions.
>
> (f) The full ramifications of biometric technology are not fully known.
>
> (g) The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

740 ILCS 14/5.

10.     The Illinois Supreme Court has recognized that BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Ent. Corp.*, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1206 (Ill. 2019).

11.     As detailed below, Defendants violated BIPA because as a condition of continued employment, Plaintiff was *required* to utilize certain ADP based time-tracking technology where the technology caused one or both of the Defendants to capture and otherwise obtain Plaintiff's unique biometric information.

12.     Defendants violated BIPA because the subject time-tracking technology captured and utilized Plaintiff's biometric information without his express consent.

**II. Parties & Summary of Claims Jurisdiction and Venue**

13.     "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States[.]" 28 U.S.C. § 1332.

14.     Plaintiff is a citizen of the State of Illinois and Defendants are each a foreign corporation.

15.     Within the past five years (the "Relevant Time Period"), COILPLUS required Plaintiff and other current and former employees and third-party contractors of COILPLUS (hereafter, "class members") to use a time clock system to track their hours worked where the time clock system required Plaintiff and class members to utilize their unique biometric information to log in and out of the time clock system.

16.     Alternatively, during the Relevant Time Period, AEROTEK required Plaintiff and class members to use a time clock system to track their hours worked where the time clock system required Plaintiff and class members to utilize their unique biometric information to log in and out of the time clock system.

17.     Further, where BIPA provides for $1,000 or $5,000 in statutory damages for each violation of the Act, Plaintiff can recover $75,000.00 in statutory damages by using the subject time clock system a minimum of seventy-five (75) times.

18.     Federal jurisdiction also exists pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  CAFA provides federal jurisdiction over putative class action claims if the following conditions are met:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]

28 U.S.C. § 1332(d)(2).

19.     Section 1332(d)(6) of CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

20.     Plaintiff satisfies Section 1332(d)(2)(A) because Defendants and the proposed class members are citizens of different states.

21.     Upon information and belief, during the Relevant Time Period, more than 100 putative class members utilized the subject time clock system in violation of BIPA. See, 28 U.S.C. § 1332(d)(5)(B)

22.     The requirement of Section 1332(d)(2) is satisfied where 5,001 individual violations of BIPA (involving 100 or more putative class members) would exceed $5,000,000 in damages.

23.     This Court has personal jurisdiction over Defendants because they maintain business locations in this judicial district and the BIPA violations occurred while each Defendant was engaged in continuous business within this judicial district.

24.     28 U.S.C. § 1391(b)(2) provides that "[a] civil action may be brought in – (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"

25.     Venue is proper because COILPLUS's facility is located within this judicial district.

26.     Venue is also proper because AEROTEK conducts business from a physical location within this judicial district (Oak Brook, Illinois) and because it staffed Plaintiff within the confines of this judicial district.

### III. The Biometric Privacy Act

27.    BIPA defines "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

28.    BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

29.    Biometric identifiers and biometric information are biologically unique to the individual.

30.    BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity: (1) informs that person in writing that identifiers and information will be collected and/or stored; (2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used; (3) receives a written release from the person for the collection of that data; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS 14/15(a) and (b).

31.    The subject time-tracking technology required Plaintiff to input Plaintiff's unique biometric information into the time-tracking technology.

32.    The subject time-tracking technology required Plaintiff to input Plaintiff's unique biometric identifiers into the time-tracking technology.

33.    To the best of Plaintiff's recollection, Plaintiff was given no alternative method to utilize the time-tracking technology other than as described above.

34.    To the extent a Defendant may claim that Plaintiff consented to collection of Plaintiff's unique biometric information and/or biometric identifiers, any so-called consent would be ineffective unless it was presented in a manner that would have

5

allowed Plaintiff to stay employed – if Plaintiff declined to consent to the collection of Plaintiff's biometric information and/or biometric identifiers.

35.     A private entity's failure to comply with BIPA is no mere *technical* violation of law.

36.     As the Illinois Supreme Court has explained:

> The duties imposed on private entities by section 15 of the Act (740 ILCS 14/15 (West 2016)) regarding the collection, retention, disclosure, and destruction of a person's or customer's biometric identifiers or biometric information define the contours of that statutory right. Accordingly, when a private entity fails to comply with one of section 15's requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach.
>
> * * *
>
> The Act vests in individuals and customers the right to control their biometric information by requiring notice *before* collection and giving them the power to say no by withholding consent. . . . When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, "the right of the individual to maintain his or her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized." This is no mere "technicality." The injury is real and significant.

*Id.* (emphasis supplied).

37.     Within Relevant Time Period, Plaintiff was required to use an ADP time clock system to track the hours that Plaintiff worked for Defendants.

38.     During the Relevant Time Period, Plaintiff was paid by AEROTEK.

39.     Within the Relevant Time Period, COILPLUS required current and former employees and third-party contract workers (hereafter, "class members") to use a time clock system to track their hours worked.

40.     The time clock system utilized by Defendants required Plaintiff to input, use, upload and/or store one of Plaintiff's unique "biometric identifiers" to log in an out of the time clock system that COILPLUS required employees to use.

6

41. The time clock system utilized by Defendants required putative class members to input, use, upload and/or store one of their unique "biometric identifiers" in order to in an out of the time clock system.

42. Upon information and belief, the time clock system utilized by Defendants used, captured, collected and/or stored the unique "biometric identifiers" of Plaintiff.

43. Upon information and belief, the time clock system utilized by Defendants used, captured, collected and/or stored the unique "biometric identifiers" of putative class members.

44. The time clock system utilized by Defendants required Defendants to obtain written consent from Plaintiff *before* it was able to acquire or otherwise capture the "biometric identifiers" of Plaintiff and putative class members.

45. The time clock system utilized by Defendants required Defendants to obtain written consent from putative class members *before* it was able to acquire or otherwise capture the "biometric identifiers" of Plaintiff and putative class members.

46. Section 20(1) of BIPA provides that "[a] prevailing party may recover for each violation: ... (1) against a private entity negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater[.]" 740 ILCS 14/20(1).

47. Section 20(2) of BIPA provides that "[a] prevailing party may recover for each violation: ... (a) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater[.]" 740 ILCS 14/20(2).

**Count I – Violations of Section 15(a) of BIPA vs. COILPLUS**

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. Section 15(a) of BIPA states that a "private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the

7

public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information[.]"

50. In particular, Section 15(a) required COILPLUS to publish "to the public", "a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."

51. COILPLUS does not maintain a public policy which identifies its data retention and destruction protocols. See, e.g., www.coilplus.com/privacy-policy/ (last viewed on April 24, 2023.

52. "The BIPA requirement to implement data retention and destruction protocols protects a person's biometric privacy just as concretely as the statute's informed-consent regime." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1155 (7th Cir. 2020).

53. Because COILPLUS does not maintain a public policy which identifies its data retention and destruction protocols, Plaintiff reasonably believes that Defendant does not destroy "biometric identifiers" or "biometric information" after "the initial purpose for collecting or obtaining such identifiers or information has been satisfied" as required by 740 ILCS 14/15(a).

54. Upon information and belief, COILPLUS does not destroy "biometric identifiers" or "biometric information" "within 3 years of the individual's last interaction with the private entity" as required by 740 ILCS 14/15(a).

55. Defendant's violations of Section 15(a) of BIPA has resulted in the *unlawful retention* of Plaintiff and proposed class members' "biometric identifiers" and/or "biometric information[.]"

8

56. The "unlawful retention of biometric data inflicts a privacy injury in the same sense that an unlawful collection does." *Fox*, 980 F.3d at 1154-55.

57. As a result of Defendant's conduct, Plaintiff and putative class members are entitled to liquidated damages as provided by 740 ILCS 14/20(1)-(2).

58. In contrast to multiple individual actions seeking a "per scan" recovery for the aforementioned violations of BIPA, this proposed class action is an appropriate and superior method for the fair and efficient adjudication of the claims asserted in this Count.

59. The proposed Class is so numerous that joinder of all members is impracticable.

60. The proposed Class is comprised of all current and former employees of COILPLUS (or persons who worked at a COILPLUS facility for Defendant AEROTEK) in the State of Illinois who had their "biometric information" and/or "biometric identifiers" collected, captured, or otherwise obtained by COILPLUS in violation of Section 15(a) of BIPA.[1]

61. The proposed Class is ascertainable from COILPLUS's records, or the records of ADP, the third-party vendor utilized by COILPLUS.

62. Common questions of law and fact exist where common questions predominate over any questions affecting the proposed Class.

63. Further, Plaintiff's claims are typical of the claims of putative class members.

64. The defenses that COILPLUS may assert against Plaintiff are typical of the types of defenses that Defendant may assert against putative class members.

---

[1] This definition is not a so-called "fail safe" class definition. *See, e.g., Heard v. Becton, Dickenson & Co.*, 534 F.Supp.3d 831, 848-49 (N.D. Ill. 2021).

65.     COILPLUS's violations of BIPA should result in injunctive and declaratory relief in favor of Plaintiff and the proposed Class.

66.     Plaintiff will fairly and adequately protect the interests of the putative class members because Plaintiff seeks to assert statutory rights afforded by BIPA and seeks to obtain declaratory, injunctive and monetary relief for all class members.

67.     Plaintiff's counsel will fairly and adequately protect the interest of the putative class members. *See, e.g., Molinari v. Fin. Asset Mgmt. Sys., Inc.*, 2021 U.S. Dist. LEXIS 235401, *3 (N.D. Ill. Nov. 22, 2021) (appointing James C. Vlahakis as class counsel in putative class action involving the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act, with final approval being granted by Dkt. 134). *See also, In re: Apple Inc. Device Performance Litigation*, 18-md-02827, 2023 U.S. Dist. LEXIS 27892, 2023 WL 2090981 (Feb. 17, 2023) (granting final approval of a $310 million dollar fund where attorney Vlahakis represented two dozen class representatives) (appeal pending).

68.     The proposed Class should be certified to avoid inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

69.     The proposed Class should be certified to avoid adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

70.     The proposed Class should be certified because COILPLUS has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court provide Plaintiff and putative class members with the following relief:

a. Declaring that COILPLUS violated Section 15(a) of BIPA;

b. Requiring COILPLUS to publish a public policy which identifies its data retention and destruction protocols;

c. Requiring COILPLUS to destroy "biometric identifiers" or "biometric information" after "the initial purpose for collecting or obtaining such identifiers or information has been satisfied";

d. Awarding liquidated damages for negligent violations of Section 15(a);

e. Awarding liquidated damages for intentional and/or reckless violations of Section 15(a);

f. Awarding reasonable attorney's fees and costs;

g. Enjoining COILPLUS from further violations of Section 15(a); and

h. Certifying the proposed Class set forth above.

**Count II – Violations of Section 15(a) of BIPA vs. AEROTEK**

71.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

72.     Section 15(a) of BIPA states that a "private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information[.]"

73.     In particular, Section 15(a) required AEROTEK to publish "to the public", "a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."

74.     AEROTEK does not maintain a public policy which identifies its data retention and destruction protocols. See, e.g., www.aerotek.com/en/mandatory-notices (last viewed on April 24, 2023.

75.     "The BIPA requirement to implement data retention and destruction protocols protects a person's biometric privacy just as concretely as the statute's

11

informed-consent regime." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1155 (7th Cir. 2020).

76.     Because AEROTEK does not maintain a public policy which identifies its data retention and destruction protocols, Plaintiff reasonably believes that AEROTEK does not destroy "biometric identifiers" or "biometric information" after "the initial purpose for collecting or obtaining such identifiers or information has been satisfied" as required by 740 ILCS 14/15(a).

77.     Upon information and belief, AEROTEK does not destroy "biometric identifiers" or "biometric information" "within 3 years of the individual's last interaction with the private entity" as required by 740 ILCS 14/15(a).

78.     AEROTEK's violations of Section 15(a) of BIPA has resulted in the *unlawful retention* of Plaintiff and proposed class members' "biometric identifiers" and/or "biometric information[.]"

79.     The "unlawful retention of biometric data inflicts a privacy injury in the same sense that an unlawful collection does." *Fox*, 980 F.3d at 1154-55.

80.     As a result of AEROTEK's conduct, Plaintiff and putative class members are entitled to liquidated damages as provided by 740 ILCS 14/20(1)-(2).

81.     In contrast to multiple individual actions seeking a "per scan" recovery for the aforementioned violations of BIPA, this proposed class action is an appropriate and superior method for the fair and efficient adjudication of the claims asserted in this Count.

82.     The proposed Class is so numerous that joinder of all members is impracticable.

83.     The proposed Class is comprised of all current and former employees of AEROTEK in the State of Illinois who had their "biometric information" and/or

"biometric identifiers" collected, captured, or otherwise obtained by AEROTEK in violation of Section 15(a) of BIPA.[2]

84. The proposed Class is ascertainable from AEROTEK's records, or the records of ADP, a third-party vendor utilized by AEROTEK.

85. Common questions of law and fact exist where common questions predominate over any questions affecting the proposed Class.

86. Further, Plaintiff's claims are typical of the claims of putative class members.

87. The defenses that AEROTEK may assert against Plaintiff are typical of the types of defenses that Defendant may assert against putative class members.

88. AEROTEK's violations of BIPA should result in injunctive and declaratory relief in favor of Plaintiff and the proposed Class.

89. Plaintiff will fairly and adequately protect the interests of the putative class members because Plaintiff seeks to assert statutory rights afforded by BIPA and seeks to obtain declaratory, injunctive and monetary relief for all class members.

90. Plaintiff's counsel will fairly and adequately protect the interest of the putative class members. *See, e.g., Molinari v. Fin. Asset Mgmt. Sys., Inc.*, 2021 U.S. Dist. LEXIS 235401, *3 (N.D. Ill. Nov. 22, 2021) (appointing James C. Vlahakis as class counsel in putative class action involving the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act, with final approval being granted by Dkt. 134). *See also, In re: Apple Inc. Device Performance Litigation*, 18-md-02827, 2023 U.S. Dist. LEXIS 27892, 2023 WL 2090981 (Feb. 17, 2023) (granting final approval of a $310 million dollar fund where attorney Vlahakis represented two dozen class representatives) (appeal pending).

---

[2] See Footnote 1.

91.     The proposed Class should be certified to avoid inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

92.     The proposed Class should be certified to avoid adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

93.     The proposed Class should be certified because AEROTEK has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court provide Plaintiff and putative class members with the following relief:

a. Declaring that AEROTEK violated Section 15(a) of BIPA;
b. Requiring AEROTEK to publish a public policy which identifies its data retention and destruction protocols;
c. Requiring AEROTEK to destroy "biometric identifiers" or "biometric information" after "the initial purpose for collecting or obtaining such identifiers or information has been satisfied";
d. Awarding liquidated damages for negligent violations of Section 15(a);
e. Awarding liquidated damages for intentional and/or reckless violations of Section 15(a);
f. Awarding reasonable attorney's fees and costs;
g. Enjoining AEROTEK from further violations of Section 15(a); and
h. Certifying the proposed Class set forth above.

**Count III – Asserting Violations of Section 15(b) of BIPA vs. COILPLUS**

94.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

95.     Section 15(b) of BIPA states that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first" takes the following actions:

14

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

96.     BIPA defines "[w]ritten release" as "informed written consent." 740 ILCS 14/10.

97.     COILPLUS violated Section 15(b) of BIPA because it collected Plaintiff's "biometric identifiers" and/or "biometric information" without first obtaining Plaintiff's informed written consent.

98.     COILPLUS also violated Section 15(b) of BIPA because it collected the "biometric identifiers" and/or "biometric information" of putative class members without first obtaining their informed written consent.

99.     COILPLUS violated of Section 15(b)(1) of BIPA by failing to inform Plaintiff in writing that it was storing and/or collecting Plaintiff's "biometric identifiers" or "biometric information." 740 ILCS 14/15(b)(1).

100.     COILPLUS violated of Section 15(b)(1) of BIPA by failing to inform putative class members in writing that it was storing and/or collecting their "biometric identifiers" or "biometric information." 740 ILCS 14/15(b)(1).

101.     COILPLUS violated of Section 15(b)(2) of BIPA by failing to inform Plaintiff in writing of the specific purpose and length of term for which Plaintiff's "biometric identifiers" and/or "biometric information" was "being collected, stored, and used." 740 ILCS 14/15(b)(2).

102.     COILPLUS violated of Section 15(b)(2) of BIPA by failing to inform putative class members in writing of the specific purpose and length of term for which their

"biometric identifiers" and/or "biometric information" was "being collected, stored, and used." 740 ILCS 14/15(b)(2).

103.    COILPLUS violated of Section 15(b)(3) of BIPA by failing to obtain a written release from Plaintiff *before* Defendant collected Plaintiff's "biometric identifiers" and/or "biometric information." 740 ILCS 14/15(b)(3).

104.    COILPLUS violated of Section 15(b)(3) of BIPA by failing to obtain a written release from putative class members *before* Defendant collected their "biometric identifiers" and/or "biometric information." 740 ILCS 14/15(b)(3).

105.    As explained above, COILPLUS collected, used and/or stored Plaintiff's and class members' "biometric identifiers" and/or "biometric information" in violation of the prohibitions and requirements set forth by Section 15(b) of BIPA.

106.    As explained above, COILPLUS did not obtain the informed written consent of Plaintiff and putative class members to collect, use, modify and/or store their "biometric identifiers" and/or "biometric information."

107.    Plaintiff and putative class members have suffered damages in the form of liquidated damages as provided by 740 ILCS 14/20(1)-(2).

108.    In contrast to multiple individual actions seeking a "per scan" recovery for the aforementioned violations of BIPA, this proposed class action is an appropriate and superior method for the fair and efficient adjudication of the claims asserted in this Count.

109.    The proposed Class is so numerous that joinder of all members is impracticable.

110.    The proposed Class is defined as all current and former employees of COILPLUS (or persons who worked at a COILPLUS facility for Defendant AEROTEK) in the State of Illinois who had their "biometric information" and/or "biometric identifiers"

collected, captured and otherwise obtained by COILPLUS and/or AEROTEK in violation of Section 15(b) of BIPA. [3]

111. The proposed Class is ascertainable from COILPLUS's records or the records of ADP, the third-party vendor utilized by COILPLUS.

112. Common questions of law and fact exist where common questions predominate over any questions affecting the proposed Class.

113. Plaintiff's claims in this Count – that COILPLUS violated Section 15(b) of BIPA by requiring Plaintiff to use a time clock system that collected, captured, and otherwise obtained Plaintiff's "biometric information" and/or "biometric identifiers" *without* Plaintiff's express written consent - is typical of the claims of putative class members.

114. The defenses that COILPLUS may assert against Plaintiff are typical of the types of defenses that Defendant may assert against putative class members.

115. COILPLUS's violations of BIPA should result in injunctive and declaratory relief in favor of Plaintiff and the proposed Class.

116. Plaintiff will fairly and adequately protect the interests of the putative class members because Plaintiff seeks to assert statutory rights afforded by BIPA and seeks to obtain declaratory, injunctive and monetary relief for all class members.

117. Plaintiff's counsel will fairly and adequately protect the interest of the putative class members. *See, e.g., Molinari*, 2021 U.S. Dist. LEXIS 235401, *3. *See also, In re: Apple Inc. Device Performance Litigation*, 18-md-02827, 2023 U.S. Dist. LEXIS 27892, 2023 WL 2090981.

118. The proposed Class should be certified to avoid inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

---

[3] See footnote 1.

119. The proposed Class should be certified to avoid adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

120. The proposed Class should be certified because COILPLUS has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court provide Plaintiff and putative class members with the following relief:

a. Declaring that COILPLUS violated Section 15(b)(1) of BIPA;

b. Declaring that COILPLUS violated Section 15(b)(2) of BIPA;

c. Declaring that COILPLUS violated Section 15(b)(3) of BIPA;

d. Requiring COILPLUS to comply with Section 15(b)(1) of BIPA;

e. Requiring COILPLUS to comply with Section 15(b)(2) of BIPA;

f. Requiring Defendant to comply with Section 15(b)(3) of BIPA;

g. Awarding liquidated damages for negligent violations of Section 15(a);

h. Awarding liquidated damages for intentional and/or reckless violations of Section 15(a);

i. Awarding reasonable attorney's fees and costs;

j. Enjoining COILPLUS from further violations of Section 15(a); and

k. Certifying the proposed Class set forth above.

**Count IV – Asserting Violations of Section 15(b) of BIPA vs. AEROTEK**

121. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

122. Section 15(b) of BIPA states that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first" takes the following actions:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

123. BIPA defines "[w]ritten release" as "informed written consent." 740 ILCS 14/10.

124. AEROTEK violated Section 15(b) of BIPA because it collected Plaintiff's "biometric identifiers" and/or "biometric information" without first obtaining Plaintiff's informed written consent.

125. AEROTEK also violated Section 15(b) of BIPA because it collected the "biometric identifiers" and/or "biometric information" of putative class members without first obtaining their informed written consent.

126. AEROTEK violated of Section 15(b)(1) of BIPA by failing to inform Plaintiff in writing that it was storing and/or collecting Plaintiff's "biometric identifiers" or "biometric information." 740 ILCS 14/15(b)(1).

127. AEROTEK violated of Section 15(b)(1) of BIPA by failing to inform putative class members in writing that it was storing and/or collecting their "biometric identifiers" or "biometric information." 740 ILCS 14/15(b)(1).

128. AEROTEK violated of Section 15(b)(2) of BIPA by failing to inform Plaintiff in writing of the specific purpose and length of term for which Plaintiff's "biometric identifiers" and/or "biometric information" was "being collected, stored, and used." 740 ILCS 14/15(b)(2).

129. AEROTEK violated of Section 15(b)(2) of BIPA by failing to inform putative class members in writing of the specific purpose and length of term for which their "biometric identifiers" and/or "biometric information" was "being collected, stored, and used." 740 ILCS 14/15(b)(2).

130. AEROTEK violated of Section 15(b)(3) of BIPA by failing to obtain a written release from Plaintiff *before* Defendant collected Plaintiff's "biometric identifiers" and/or "biometric information." 740 ILCS 14/15(b)(3).

131. AEROTEK violated of Section 15(b)(3) of BIPA by failing to obtain a written release from putative class members *before* Defendant collected their "biometric identifiers" and/or "biometric information." 740 ILCS 14/15(b)(3).

132. As explained above, AEROTEK collected, used and/or stored Plaintiff's and class members' "biometric identifiers" and/or "biometric information" in violation of the prohibitions and requirements set forth by Section 15(b) of BIPA.

133. As explained above, AEROTEK did not obtain the informed written consent of Plaintiff and putative class members to collect, use, modify and/or store their "biometric identifiers" and/or "biometric information."

134. Plaintiff and putative class members have suffered damages in the form of liquidated damages as provided by 740 ILCS 14/20(1)-(2).

135. In contrast to multiple individual actions seeking a "per scan" recovery for the aforementioned violations of BIPA, this proposed class action is an appropriate and superior method for the fair and efficient adjudication of the claims asserted in this Count.

136. The proposed Class is so numerous that joinder of all members is impracticable.

137. The proposed Class is comprised of all current and former employees of AEROTEK in the State of Illinois who had their "biometric information" and/or "biometric identifiers" collected, captured, or otherwise obtained by AEROTEK in violation of Section 15(a) of BIPA[4]

---

[4] See footnote 1.

138.    The proposed Class is ascertainable from AEROTEK's records or the records of ADP, a third-party vendor utilized by AEROTEK.

139.    Common questions of law and fact exist where common questions predominate over any questions affecting the proposed Class.

140.    Plaintiff's claims in this Count – that AEROTEK violated Section 15(b) of BIPA by requiring Plaintiff to use a time clock system that collected, captured, and otherwise obtained Plaintiff's "biometric information" and/or "biometric identifiers" *without* Plaintiff's express written consent - is typical of the claims of putative class members.

141.    The defenses that AEROTEK may assert against Plaintiff are typical of the types of defenses that Defendant may assert against putative class members.

142.    AEROTEK's violations of BIPA should result in injunctive and declaratory relief in favor of Plaintiff and the proposed Class.

143.    Plaintiff will fairly and adequately protect the interests of the putative class members because Plaintiff seeks to assert statutory rights afforded by BIPA and seeks to obtain declaratory, injunctive and monetary relief for all class members.

144.    Plaintiff's counsel will fairly and adequately protect the interest of the putative class members. *See, e.g., Molinari*, 2021 U.S. Dist. LEXIS 235401, *3. *See also, In re: Apple Inc. Device Performance Litigation*, 18-md-02827, 2023 U.S. Dist. LEXIS 27892, 2023 WL 2090981.

145.    The proposed Class should be certified to avoid inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

146.    The proposed Class should be certified to avoid adjudications with respect to individual class members that, as a practical matter, would be dispositive of the

interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

147. The proposed Class should be certified because Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court provide Plaintiff and putative class members with the following relief:

    a.  Declaring that AEROTEK violated Section 15(b)(1) of BIPA;

    b.  Declaring that AEROTEK violated Section 15(b)(2) of BIPA;

    c.  Declaring that AEROTEK violated Section 15(b)(3) of BIPA;

    d.  Requiring AEROTEK to comply with Section 15(b)(1) of BIPA;

    e.  Requiring AEROTEK to comply with Section 15(b)(2) of BIPA;

    f.  Requiring AEROTEK to comply with Section 15(b)(3) of BIPA;

    g.  Awarding liquidated damages for negligent violations of Section 15(a);

    h.  Awarding liquidated damages for intentional and/or reckless violations of Section 15(a);

    i.  Awarding reasonable attorney's fees and costs;

    j.  Enjoining AEROTEK from further violations of Section 15(a); and

    k.  Certifying the proposed Class set forth above.

### **Jury Demand**

Plaintiff demands a jury trial.

*/s/ James C. Vlahakis*
James C. Vlahakis
**Vlahakis Law Group LLC**
20 N. Clark Street, Suite 3300
Chicago IL 60602
312-766-0511 (office)
312-648-6127 (direct)
jamesv@vlahakislaw.com